UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00569-W

| | |
|---|---|
| ALICE L. ROSEBORO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| HOME DEPOT USA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss (Doc. No. 6) filed pro se on November 13, 2012. Although the motion appears to be couched as a voluntary dismissal, the Court notes that, as part of her basis for seeking dismissal, Plaintiff asserts "I am aware of option to refile at a later time if I choose to in court." (Doc. No. 6, p. 1). This statement gives the Court pause to allow the dismissal, particularly in light of Plaintiff's pro se status.

In Title VII cases, a party must file an action within ninety days of receipt of the Right to Sue letter from the EEOC. 42 U.S.C.A. § 2000e–5(f)(1); <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 149–50, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (civil suits may not be brought after expiration of the ninety day period). In the case at bar, the EEOC issued the Right to Sue notice attached to the original complaint on June 5, 2012. Plaintiff initiated the instant action against Home Depot on August 31, 2012, within the ninety day deadline.[1]

---

[1]The Court expresses no opinion as to the timeliness of Plaintiff's Amended Complaint, mailed to the Court on September 25, 2012, and docketed on September 26, 2021. The Amended Complaint attaches two new Right to Sue notices issued on June 25, 2012, and added "Tim Crow" as a party.

A dismissal does not toll the statute of limitations. See Neal v. Xerox Corp., 991 F. Supp. 494, 498 (E.D. Va. 1998) (collecting cases), aff'd, 155 F.3d 560 (4th Cir. 1998). Thus, Plaintiff is mistaken in her belief that a voluntary dismissal would permit her to later refile this case. The statute of limitations that applies to the EEOC Right to Sue Notice attached to the original complaint expired on September 4, 2012.[2] For these reasons and in light of Plaintiff's obvious misunderstanding of the consequences of her motion, the Court DENIES Plaintiff's Motion to Dismiss. Plaintiff, however, may refile a voluntary dismissal if she decides to no longer prosecute this action, but Plaintiff should be aware that such dismissal will likely result in her being unable to later refile her claims for the reasons explained herein.

Finally, Plaintiff recognizes she needs to prepare the summons for the Amended Complaint, and in fact, the docket sheet reflects that Plaintiff has yet to submit a summons to the Clerk's office. Although Plaintiff has received *in forma pauperis* status entitling her to have her Complaint served via the United States Marshal Service, Plaintiff's failure to properly fill out and return summons to the Clerk's office for issuance and service may prove fatal to Plaintiff's case. Plaintiff is hereby CAUTIONED that failure to promptly complete and return summons for the parties in the Amended Complaint may subject her case to dismissal.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss is DENIED without prejudice to her to refile a voluntary dismissal subject to the statute of limitations discussion provided herein. Plaintiff is further warned that failure to immediately return properly completed summonses for the parties in the Amended Complaint could result in dismissal of this action by the Court.

---

[2] The Court notes that the statute of limitations for the EEOC Right to Sue Notices in the Amended Complaint has likewise expired.

IT IS SO ORDERED.

Signed: December 4, 2012

Frank D. Whitney
United States District Judge