UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00569-FDW-DCK

| ALICE L. ROSEBORO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| HOME DEPOT USA, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court sua sponte concerning the matter of this case. On December 4, 2012, this Court issued an order denying without prejudice Plaintiff's attempt to voluntarily dismiss her case because she had requested a dismissal that would allow her to refile her claim at later date, possibly outside a statute of limitations period. (Doc. No. 7). In that Order, the Court informed Plaintiff that, in light of her *in forma pauperis* status, she needed to properly fill out and return summons to the Clerk's office for issuance and service by the United States Marshal Service. The Court clearly cautioned Plaintiff that failure to do so may subject her case to dismissal. Plaintiff filed a somewhat incoherent response to the Court's order (see Doc. No. 8) requesting default judgment be entered against the parties and noting, several times, that she understood the deadline for serving the summons and that "I cannot in all honesty submit Any Summons [sic] to be served in regards to the first charge." (Doc. No. 8, p. 3). Plaintiff has not submitted properly completed summons to the Clerk's office and the time for doing so has long expired.

"[A] district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute. . . . [S]uch authority derives from 'the control necessarily vested in courts to

1

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Furthermore, "[A]side from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases . . . ." Eriline Co., 440 F.3d at 654.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED without prejudice for failure to prosecute her case pursuant to Rule 41(b). The Clerk is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: September 24, 2013

Frank D. Whitney
Chief United States District Judge